UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CORNELL MITCHELL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>R. BARNES, Warden, et al.,<br><br>　　　　　Respondents. | No. CV 09-7491-ODW (PLA)<br><br>**ORDER RE: SUMMARY DISMISSAL OF ACTION FOR LACK OF EXHAUSTION** |

　　　　On October 15, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. Petitioner is challenging his November 26, 2008, conviction and sentence in the Los Angeles County Superior Court. (See Petition at 2). Petitioner alleges that the criminal complaint and information in his case violated the United States and California Constitutions' prohibitions against ex post facto laws and that the trial court imposed an illegal sentence. (See Petition at 5).

　　　　As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in a petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall

not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, fn.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845.

A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dept of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).  State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court).  Here, petitioner has both a direct appeal and a habeas petition pending before the California Supreme Court.  Petitioner indicates that following the September 8, 2009, denial of his direct appeal to the California Court of Appeal, he filed a Petition for Review with the California Supreme Court on September 29, 2009, which is still pending. (see Petition at 2-3).  Petitioner also filed a habeas petition with the California Court of Appeal, which was

1 denied on April 8, 2009, and a habeas petition with the California Supreme Court, which is also
2 still pending. (See Petition at 3-4). As such, petitioner has not exhausted his state remedies, and
3 the Petition is subject to dismissal without prejudice. See 28 U.S.C. § 2254(b)(1); Sherwood, 716
4 F.2d at 633-34.

In light of the foregoing, the Court finds that dismissal of the instant Petition is appropriate on the basis that petitioner has not exhausted available state judicial remedies. IT IS THEREFORE ORDERED that the instant Petition is **dismissed without prejudice**.

DATED: October 20, 2009

HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

3